# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| PAUL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-024 |
| | ) | |
| NANCY BERRYHILL, Acting | ) | |
| Comissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Represented by counsel, plaintiff Paul Lee seeks judicial review of his Social Security Disability claim. Doc. 1. He also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve him of the obligation to pay his own way where it is possible to do so without undue hardship. *Id.* at 339-40.

On his IFP application, Lee claims his spouse brings home $5,755 in monthly income. Doc. 2 at 1. Jointly, they have $50 in their checking account, drive two cars worth $19,000 and $1,500, a home worth

$155,000, and support three children. *Id.* at 2-3. Their expenses total $4,909 per month. *Id.* at 4-5.

Although not wealthy, Lee falls well beyond what qualifies as indigency. *Williams v. Oklahoma*, 2016 WL 4069819 at * 1 (10th Cir. July 29, 2016) (plaintiff had "sufficient income to pay the fees to file his complaint"); *Brewer v. City of Overland Park Police Department*, 24 F. App'x 977, 979 (10th Cir. 2002) (IFP denied because plaintiff's income exceeded expenses "by a few hundred dollars"); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds; plaintiff's income exceeded monthly expenses by $300 and she had nearly $700 in checking). Covering the costs of a filing fee may impose some hardship on him, but it certainly won't be undue. *Adkins*, 335 U.S. at 339. Lee's IFP motion should be **DENIED**.[1] Doc. 2.

---

[1] "[M]agistrate judges have no authority to enter an order denying IFP status. *See Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004) (*per curiam*); *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) ("[D]enial of [motion to proceed *in forma pauperis*] is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."); *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *but see Redford v. Planchard*, 2009 WL 3158175 at * 3 (N.D. Ga. Sept. 25, 2009) (noting a circuit split on whether magistrates can deny IFP

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

---

applications and observing that the Eleventh Circuit has indicated that such orders are nondispositive).

**SO REPORTED AND RECOMMENDED**, this __15th__ day of February, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA